## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY SMITH (#433385)** | **CIVIL ACTION** |
| **VERSUS** | |
| **LOUISIANA STATE PENITENTIARY, ET AL.** | **NO. 11-0571-BAJ-DLD** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 2, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ANTHONY SMITH (#433385)**                                        **CIVIL ACTION**

**VERSUS**

**LOUISIANA STATE PENITENTIARY, ET AL.**                **NO. 11-0571-BAJ-DLD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against LSP and Ass't Warden Timothy Delaney, alleging that his constitutional rights have been violated, commencing in June 2011, by the failure of prison officials to allow out-of-cell exercise to inmates housed in administrative segregation.

In his Complaint, the plaintiff alleges that he "is in the process of exhausting his available administrative remedies," that he has only proceeded to "the first step so far," and that he will file an amended Complaint "once all available administrative remedies have been exhausted." Pursuant to 28 U.S.C. § 1997e, however, the plaintiff was required to exhaust available administrative remedies prior to commencement of a civil action in this Court with respect to prison conditions.[1] This provision is mandatory and applies broadly to "all suits about prison life". Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.ed.2d 12 (2002). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'". Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004), quoting Porter v. Nussle, supra.

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not

---

[1]   42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), when it is apparent from the face of the Complaint, including attached exhibits, that the plaintiff has failed to exhaust prison grievance procedures, a dismissal sua sponte is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted.  See Tanner v. Federal Bureau of Prisons, 475 F.Supp.2d 103 (D. D.C. 2007).

In the instant case, the plaintiff has submitted, as an attachment to his § 1983 Complaint, a separate pleading wherein he explicitly acknowledges that, at the time of filing, he had not yet exhausted administrative remedies.  Accordingly, the plaintiff's claims have not been administratively exhausted and are subject to dismissal pursuant to 42 U.S.C. § 1997e.

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed, without prejudice, for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, but with prejudice to his refiling of the same claim or claims in forma pauperis.[2]

Signed in Baton Rouge, Louisiana, on September 2, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[2] See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).